UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERVIN JOSEPH LAMIE, JR., )<br>　　　Plaintiff, )<br> )<br>-v- )<br> )<br>GREG SMITH, )<br>PAMELA SUE SMITH, )<br>DAVID W. LAMIE, and )<br>MURIEL D. LAMIE, )<br>　　　Defendants. )<br>_____) | No. 1:12-cv-00142<br><br>HONORABLE PAUL L. MALONEY |

**ORDER DISMISSING COMPLAINT
FOR LACK OF SUBJECT MATTER JURISDICTION**

Based on its initial review of the Complaint, the court issues this *sua sponte* order dismissing the present action for lack of subject matter jurisdiction.

This case involves three claims brought by Plaintiff Ervin Joseph LaMie, Jr. against Defendants Greg Smith, Pamela Sue Smith, David W. LaMie, and Muriel D. LaMie. Plaintiff alleges (1) a claim of "waste to land"; (2) wrongful eviction and conversion; and (3) intentional infliction of emotional distress, all based on actions the Defendants have taken regarding a piece of property in Ottawa County, Michigan.

Fed. R. Civ. P. 8(a)(1) requires that a pleading state the basis for the court's jurisdiction. The "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). In this case, the complaint alleges diversity jurisdiction based on "the jurisdictional issues of the different defendants in other states and the amounts exceed[ing] seventy five thousand dollars."

Diversity is based on the citizenship of the parties. *See* 28 U.S.C. § 1332. The federal diversity statute requires that diversity actions be founded on complete diversity of citizenship—that is, that no defendant be a citizen of the same state as any plaintiff. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, however, both Plaintiff and Defendant David W. LaMie are alleged to reside in the state of Michigan, and the complaint contains no allegations suggesting that either party is not in fact a Michigan citizen. Though the other Defendants are residents of other states, diversity cannot exist where a plaintiff and a defendant share citizenship. Therefore, it appears that this court lacks subject matter jurisdiction over the present dispute, and, pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismiss this action.

For these reasons, the present action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**


Date:   February 22, 2012                     /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              Chief United States District Judge